78 F.3d 604
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard D. FRITZ, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3600.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1996.
 
 Before RICH, MICHEL, and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Richard D. Fritz, Jr. (Mr. Fritz) seeks review of the final decision of the Merit Systems Protection Board (Board) in Docket No. SF-0752-89-0633-C-1. In a 23 February 1995 initial decision, an Administrative Judge (AJ) dismissed Mr. Fritz's petition for enforcement for untimeliness. The initial decision became the final decision of the Board on 11 May 1995 when the Board denied Mr. Fritz's petition for review. We affirm.
 
 DISCUSSION
 
 2
 * Background
 
 
 3
 The Department of the Navy (agency) removed Mr. Fritz from the position of Maintenance Worker effective 31 May 1989, and Mr. Fritz filed a timely appeal of his removal. During a prehearing conference on 24 August 1989, Mr. Fritz and the agency settled their dispute. The AJ incorporated the settlement agreement into its 24 August 1989 initial decision for enforcement purposes. On 28 September 1989, the initial decision became the Board's final decision.
 
 
 4
 The settlement agreement provided that upon Mr. Fritz's completion of an alcohol rehabilitation program followed by a six-month period of continuous rehabilitation, the agency would accord him priority referral consideration for permanent positions for which he applied and was qualified. By letter dated 27 July 1990, the agency informed Mr. Fritz that he had presented satisfactory documentation of his rehabilitation and that he could submit up to five applications for positions for which he was qualified. The letter, as well as an accompanying announcement of employment opportunities, notified Mr. Fritz that his applications would be destroyed after six months and that he would have to submit new applications for any positions for which he wanted continued consideration. The letter also notified Mr. Fritz that, because of the freeze on the hiring of any employees not currently on the Department of Defense rolls, the agency would be unable to refer him for any position until the freeze ended.
 
 
 5
 In May 1991, Sheldon A. Wilensky, Esquire, informed the agency that Mr. Fritz had retained him to enforce the settlement agreement. Mr. Wilensky asserted that the agency had misconstrued the terms of the settlement agreement by excluding Mr. Fritz from priority referral during the hiring freeze and that if the agency continued to do so, Mr. Fritz would be forced to invoke the Board's enforcement power. On 15 May 1991, the agency responded, detailing its disagreement with Mr. Fritz's position.
 
 
 6
 Over three years later, in a letter dated 27 November 1994 (received by the Board on 2 December 1994), Mr. Fritz filed a petition for enforcement of the Board's 28 September 1989 final decision. This petition for enforcement underlies the instant appeal. In an Acknowledgment Order dated 7 December 1994, the AJ ordered the agency to respond to Mr. Fritz's petition and ordered Mr. Fritz to file evidence and argument showing that he had timely filed his petition. A specific time limit for a party alleging breach of a settlement agreement to file a petition for enforcement has not been set in the statutes or regulations. Such a petition must be filed, however, within a reasonable time after the date of the alleged breach of the agreement or after the date the petitioner gained knowledge of the alleged breach. Adamcik v. United States Postal Serv., 48 M.S.P.R. 493, 496 (1991).
 
 
 7
 In his petition for enforcement, Mr. Fritz alleged that the agency had failed to comply with the settlement agreement by doing each of the following: (1) purging, after six months, the job applications that he submitted; (2) refusing to consider him for temporary employment; (3) limiting the number of applications that he could submit to five; and (4) never considering him for any of the jobs for which he applied.
 
 II
 Standard of Review
 
 8
 Section 7703 of Title 5 strictly limits and defines our review of Board decisions. We must affirm the Board's decision unless it is:
 
 
 9
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 10
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 11
 (3) unsupported by substantial evidence.
 
 
 12
 5 U.S.C. § 7703(c) (1988).
 
 III
 Analysis
 
 13
 In its 23 February 1995 decision, the Board found that as of July 1990, Mr. Fritz was aware of the limitations that the agency intended to apply to the terms of the settlement agreement, i.e., limiting the number of applications to five and purging his applications after six months. The Board also found that as of May 1991, Mr. Fritz was aware that the agency's interpretation of the term "priority referral" was at odds with his interpretation. Additionally, the Board found that by the agency's response to Mr. Wilensky's letter, Mr. Fritz knew that he might never secure placement with the agency. In view of these findings, the Board found that, by waiting until the end of November 1994, Mr. Fritz did not timely file his petition for enforcement. Further, the Board found that Mr. Fritz had not shown good cause for his delay in filing his enforcement petition. The Board thus dismissed Mr. Fritz's petition as untimely.
 
 
 14
 On appeal, Mr. Fritz argues primarily that a 25 February 1991 letter sent to him by the agency removed the conditions (the five-application limit and the six-month purging of applications) that he challenges in his petition for enforcement, and, therefore, he did not know until contacting the agency in October 1994 that his applications had been purged after six months. We have reviewed the 25 February 1991 letter and do believe that it reasonably may be read to eliminate the conditions imposed by the 27 July 1990 agency letter. Accordingly, we conclude that the Board did not err in finding that Mr. Fritz knew as of 27 July 1990 that the agency would apply the contested limitations to the terms of the settlement agreement. Notably, although Mr. Fritz considered those conditions violations of the settlement agreement, he did not challenge them at any time prior to receiving the 25 February 1991 letter, which arrived a full seven months after the 27 July 1990 letter. Mr. Fritz has offered no explanation for this delay.
 
 CONCLUSION
 
 15
 In light of what we have stated above and our careful consideration of Mr. Fritz's other arguments, we find that the AJ made no error that would support a reversal of the Board's decision and that his finding that Mr. Fritz failed to prove good cause or excuse for the delay is supported by substantial evidence on the record as a whole. We therefore affirm.